Slip Op. 20-156

# UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| **FULL MEMBER SUBGROUP OF THE AMERICAN INSTITUTE OF STEEL CONSTRUCTION, LLC,**<br><br>   Plaintiff,<br><br>v.<br><br>**UNITED STATES,**<br><br>   Defendant,<br><br>and<br><br>**LES CONSTRUCTIONS BEAUCE-ATLAS, INC. ET AL.,**<br><br>   Defendant-Intervenors. | Before: Claire R. Kelly, Judge<br><br>Court No. 20-00088 |

### OPINION AND ORDER

[ Granting Defendant's motion to dismiss. ]

Dated: November 3, 2020

Alan H. Price, Wiley Rein LLP, of Washington, DC, for plaintiff Full Member Subgroup of the American Institute of Steel Construction, LLC.  Also on the brief was Christopher B. Weld, Stephanie M. Bell, and Adam M. Teslik.

In K. Cho, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, for defendant United States.  Also on the briefs were Michael D. Granston, Deputy Assistant Attorney General, Jeanne E. Davidson, Director, and Patricia M. McCarthy, Assistant Director.  Of counsel was Reza Karamloo, Senior Attorney, Office of Chief Counsel for Trade Enforcement & Compliance, U.S. Department of Commerce.

Matthew P. McCullough, Curtis, Mallet-Prevost, Colt & Mosle LLP, of Washington, DC, for defendant-intervenor the Government of Canada. Also on the brief was Tung Nguyen.

Kelly, Judge: Defendant moves to dismiss Plaintiff's complaint for lack of subject-matter jurisdiction. See Def.'s Memo. Supp. Mot. to Dismiss for Lack of Subject-Matter Jurisdiction & Opp'n to Mot. to Stay, July 9, 2020, ECF No. 31 ("Def.'s Br."). Defendant and Defendant-Intervenor, the Government of Canada, submit that section 516A(g) of the Tariff Act of 1930, as amended, 19 U.S.C. § 1516a(g) (2018)[1] precludes the court from exercising jurisdiction over Full Member Subgroup of the American Institute of Steel Construction, LLC's ("AISC") challenge to the U.S. Department of Commerce's ("Commerce") final affirmative determination in its less than fair value ("LTFV") investigation of fabricated structural steel ("FSS") from Canada because Industries Canatal Inc.'s ("Canatal") and Les Constructions Beauce-Atlas, Inc.'s ("CBA") timely requests for binational panel review of the final determination pursuant to Article 1904 of the North American Free Trade Agreement ("NAFTA") are deemed to have been filed by an FTA country. See Def.'s Br. at 5–12;

---

[1] On July 1, 2020, the United States-Mexico-Canada Agreement ("USMCA") entered into force, replacing the NAFTA. See United States-Mexico-Canada Agreement, Office of the U.S. Trade Representative, https://ustr.gov/trade-agreements/free-trade-agreements/united-states-mexico-canada-agreement (last visited Nov. 1, 2020); see also United States-Mexico-Canada Agreement Implementation Act, Pub. L. No. 116-113, 134 Stat. 11 (2020) ("Implementation Act"). Pursuant to section 432 of the Implementation Act, the USMCA's entry into force does not affect the disposition of this action, which involves a final determination that was published before the relevant amendments to the Tariff Act of 1930 became effective. As such, further citations to the Tariff Act of 1930, as amended, are to the relevant provisions of Title 19 of the U.S. Code, 2018 edition.

Government of Canada's Resp. Br. Supp. Def.'s Mot. to Dismiss at 3–10, Aug. 13, 2020, ECF No. 35. AISC agrees that this court does not have jurisdiction, but nonetheless requests that the court issue its decision in accordance with the pending motion to dismiss in Building Systems de Mexico, S.A. de C.V. v. United States, Ct. No. 20-00069 ("Building Systems"). See Pl.'s Resp. to Mot. to Dismiss at 1–4, Aug. 13, 2020, ECF No. 36 ("Pl.'s Resp."). For the following reasons, Defendant's motion to dismiss is granted.

## BACKGROUND

On February 25, 2019, in response to a petition filed by AISC, a trade association representing domestic producers of FSS, Commerce initiated an antidumping investigation into FSS from Canada, Mexico, and the People's Republic of China. See Certain [FSS] From Canada, Mexico, and the People's Republic of China, 84 Fed. Reg. 7,330 (Dep't Commerce Mar. 4, 2019) (initiation of [LTFV] investigations). Commerce affirmatively determined that sales of FSS from Canada into the United States were being, or were likely to be, sold at LTFV, and its investigation yielded weighted-average dumping margins of 6.70 and 0.00 percent for CBA and Canatal, respectively. See Certain [FSS] From Canada, 85 Fed. Reg. 5,373, 5,374 (Dep't Commerce Jan. 30, 2020) (final determination of sales at [LTFV]) ("Final Results") and accompanying Issues and Decision Memo. for [Final Results], A-122-864, (Jan. 23, 2020), ECF No. 30-5 ("Final Decision Memo").

Court No. 20-00088                                                                                                  Page 4

On February 28, 2020, the United States Section of the NAFTA Secretariat received requests for binational review of Commerce's final determination filed on behalf of Defendant-Intervenors Canatal and CBA. See [NAFTA], Article 1904 Binational Panel Review, 85 Fed. Reg. 14,465 (Dep't Commerce Mar. 12, 2020) (notice of request for panel review; USA-CDA-2020-1904-02). On March 20, 2020, the U.S. International Trade Commission published its final negative determination in its contemporaneous investigation into whether imports of FSS cause (or represent a threat of) material injury to the domestic industry. See [FSS] from Canada, China, & Mexico, 85 Fed. Reg. 16,129 (Int'l Trade Comm'n Mar. 20, 2020).

Plaintiff AISC commenced this action pursuant to 28 U.S.C. § 1581(c) and 19 U.S.C. § 1516a(a)(2)(A)(i)(I), (B)(i), contesting portions of Commerce's final affirmative determination. See Summons, Apr. 17, 2020, ECF No. 1; Compl., May 13, 2020, ECF No. 9. In its complaint, AISC asserts that the court lacks jurisdiction over its action because a party requested review before a NAFTA binational panel. See Compl. at ¶¶ 2–5. Nonetheless, Plaintiff explains that it commences this action in light of arguments raised in a related case, Building Systems, Ct. No. 20-00069. Id. Specifically, the plaintiff in Building Systems asserts that this Court has jurisdiction despite the fact that an interested party requested review before a NAFTA binational panel. See Compl. ¶¶ 3–7, Mar. 30, 2020, ECF No. 6 (from Dkt. Ct. No. 20-00069). Plaintiff AISC therefore commences this action because it speculates that if the Court concludes that it has jurisdiction in Building Systems despite the request for

binational panel review, it may do the same in this case. See Pl.'s Resp. at 1–4. Defendant's motion argues that the court lacks jurisdiction,[2] and as explained above, Plaintiff does not disagree.

## DISCUSSION

In relevant part, 28 U.S.C. § 1581(c) (2018) vests exclusive jurisdiction with the Court over any civil action commenced under section 516A of the Tariff Act of 1930, as amended 19 U.S.C. § 1516a. Under 19 U.S.C. § 1516a(a)(2)(B)(i) the Court may review "[f]inal affirmative determinations by the administering authority and by the Commission under [19 U.S.C. §§ 1671d or 1673d], including any negative part of such a determination (other than a part referred to in clause (ii))."[3]

However, 19 U.S.C. § 1516a(g) provides, in relevant part, that if a party seeks binational review of "a determination described in [19 U.S.C. § 1516a(a)(2)(B)(i)–(iii), (vi)–(vii)] . . . the determination is not reviewable under [19 U.S.C. § 1516a(a).]" 19 U.S.C. § 1516a(g)(1)(B), (2)(A). Nonetheless, 19 U.S.C. § 1516a(g)(3) enumerates

---

[2] Despite its invocation of Building Systems, none of the parties in this case raise the threshold issue raised in Building Systems, specifically whether this Court has the power to determine its own jurisdiction. See generally Bldg. Sys. de Mexico, S.A. de C.V. v. United States, 44 CIT __, Slip Op. 20-155 (Nov. 3, 2020) ("Building Systems"). Building Systems concluded that the Court had the power to determine its own jurisdiction. See Building Systems, 44 CIT at __, Slip Op. 20-155 at 6–11.

[3] 19 U.S.C. § 1516a(a)(2)(B)(ii) provides for review of
    [a] final negative determination by the administering authority or the Commission under section [19 U.S.C. §§ 1671d or 1673d], including, at the option of the appellant, any part of a final affirmative determination which specifically excludes any company or product.

Court No. 20-00088                                                                                                   Page 6

certain exceptions,[4] and permits judicial review of "a determination as to which neither the United States nor the relevant [free trade area ("FTA")] country requested review[.]" Id. at § 1516a(g)(3)(A)(i).

The statute also establishes a mechanism for private parties to seek binational review of Commerce's final determination in NAFTA cases. Namely, 19 U.S.C. § 3434(c) provides, in pertinent part, that

> a person, within the meaning of paragraph 5 of article 1904, may request a binational panel review of such determination by filing such a request with the United States Secretary . . . [and] [t]he receipt of such request by the United States Secretary shall be deemed to be a request for binational panel review within the meaning of article 1904.

19 U.S.C. § 3434(c). Under article 1904(5) of the NAFTA

---

[4] 19 U.S.C. § 1516a(g)(3) Exception to exclusive binational panel review.
   (A) In general. A determination is reviewable under subsection (a) if the determination sought to be reviewed is--
      (i) a determination as to which neither the United States nor the relevant FTA country requested review by a binational panel pursuant to article 1904 of the NAFTA or of the Agreement,
      (ii) a revised determination issued as a direct result of judicial review, commenced pursuant to subsection (a), if neither the United States nor the relevant FTA country requested review of the original determination,
      (iii) a determination issued as a direct result of judicial review that was commenced pursuant to subsection (a) prior to the entry into force of the NAFTA or of the Agreement,
      (iv) a determination which a binational panel has determined is not reviewable by the binational panel,
      (v) a determination as to which binational panel review has terminated pursuant to paragraph 12 of article 1905 of the NAFTA, or
      (vi) a determination as to which extraordinary challenge committee review has terminated pursuant to paragraph 12 of article 1905 of the NAFTA.

> [a]n involved Party on its own initiative may request review of a final determination by a panel and shall, on request of a person who would otherwise be entitled under the law of the importing Party to commence domestic procedures for judicial review of that final determination, request such review.

NAFTA art. 1904(5), U.S.-Can.-Mex., Dec. 17, 1992, 32 I.L.M. 289, 683 (1993).

The court cannot exercise jurisdiction over AISC's complaint because no exception to the preclusion of judicial review under § 1516a(g) applies. There is no dispute as to whether the timely request for binational panel review of Commerce's final determination in this case is deemed filed by an FTA country under NAFTA art. 1904(5).[5] Section 1516a(g) thus precludes the court from exercising jurisdiction over the complaint.

## CONCLUSION

For the foregoing reasons, it is

**ORDERED** that Defendant's motion to dismiss for lack of subject-matter jurisdiction is granted; and it is further

---

[5] AISC's claim that the jurisdictional issues in this case and in Building Systems, Ct. No. 20-00069 are identical is mistaken. See Pl.'s Resp. at 3–4. Namely, the court is not confronted with the same question of whether the request for binational panel review of Commerce's final determination is deemed to have been made by an FTA country pursuant to NAFTA art. 1904(5). See Pl.'s Resp. Opp'n Mot. to Dismiss, Aug. 13, 2020, ECF No. 42 (from Dkt. Ct. No. 20-00069). In Building Systems, by contrast, the Court found that a party given a zero margin, without more, lacked an injury in fact as required for standing and consequently its request for NAFTA binational panel review could not be deemed to have been made by an FTA country. See Building Systems, 44 CIT at __, Slip Op. 20-155 at 14–15; but see Final Results, 85 Fed. Reg. at 5,374 (assigning CBA a dumping margin of 6.70 percent).

Court No. 20-00088 Page 8

**ORDERED** that the case is dismissed.  Judgment will enter accordingly.

       /s/ Claire R. Kelly
Claire R. Kelly, Judge

Dated: November 3, 2020
New York, New York